# SUMMONS
## COURT OF COMMON PLEAS
## LAKE COUNTY OHIO

**EXHIBIT A**

MILO DRAIN
        Plaintiff

VS.

Case Number: **21CV000178**
Judge JOHN P. O'DONNELL

ENERGY HARBOR NUCLEAR CORP
        Defendant

To the following named DEFENDANT(S):
    ENERGY HARBOR NUCLEAR CORP
    CO CT CORPORATION SYSTEM
    STATUTORY AGENT FOR SERVICE
    4400 EASTON COMMONS WAY SUITE 125
    COLUMBUS OH 43219

You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

    DAVID N TRUMAN
    4700 ROCKSIDE RD
    SUITE 530
    INDEPENDENCE OH 44131

You are hereby summoned and required to do the following:

1. Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;

2. Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.

Calculations of time are exclusive of the day of service.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

        Faith Andrews
        Clerk, Court of Common Pleas
        Lake County, Ohio
        25 N. Park Place
        Painesville OH 44077

By *Shannon Luebking*
Deputy Clerk

February 10, 2021

**FILED VIA EMAIL**
DATE_2/9/2021__  TIME_10:00 Am____

**FAITH ANDREWS, CLERK OF COURTS**

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

| | |
|---|---|
| MILO DRAIN<br>2535 Dorchester Drive<br>Painesville, Ohio 44077<br><br>Plaintiff,<br><br>vs.<br><br>ENERGY HARBOR NUCLEAR CORP.,<br>c/o CT Corporation System, Statutory Agent for Service<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>Defendant. | 21CV000178<br>**JOHN P. O'DONNELL**<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff, Milo Drain ("Plaintiff" or "Mr. Drain"), by and through the undersigned counsel, and for his Complaint against Defendant, states as follows:

1. This is a civil action for declaratory judgment, preliminary and permanent injunctive relief, monetary damages, and attorney fees for disability discrimination and violations of Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), and Ohio's anti-discrimination law contained in Ohio Revised Code Chapter 4112, for lost income and damages based upon Defendant's suspension and termination of Mr. Drain's employment because of Defendant's perception that Mr. Drain could not perform his duties due to an alleged disability.

2. Venue is proper in this Court because Defendant employed Plaintiff and the acts giving rise to Plaintiff's claims took place in North Perry, Lake County, Ohio.

1

3. Plaintiff has complied with the conditions precedent for an action under the ADA. Plaintiff has filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission and the Ohio Civil Rights Commission with respect to his disability discrimination claim. Plaintiff received his Notice of Right to Sue and has filed this Complaint less than 90 days after receipt.

## PARTIES

4. Plaintiff Milo Drain is a U.S. Army veteran and a resident of Lake County.

5. Mr. Drain was an employee of Energy Harbor Nuclear Corp., and its predecessor FirstEnergy Nuclear Operating Company, within the meaning of the ADA and Chapter 4112 of the Ohio Revised Code.

6. Defendant Energy Harbor Nuclear Corp. ("Defendant" or "EHNC") is a corporation registered in Delaware and registered to do business in Ohio as a foreign corporation.

7. EHNC was formerly known as, and/or is the successor to, FirstEnergy Nuclear Operating Company ("FENOC"), having changed its name on or about February 27, 2020.

8. EHNC carries out substantially the same business activity as FENOC, specifically operating the Perry Nuclear Power Plant where Defendant employed Mr. Drain.

9. Defendant was Mr. Drain's employer within the meaning of the ADA and within the meaning of Chapter 4112 of the Ohio Revised Code.

## FACTS

10. Defendant hired Mr. Drain on or about September 4, 2018 as a nuclear security officer.

2

11. At the time he was hired, Mr. Drain informed Defendant that he was rated as 60 percent disabled by the Department of Veterans Affairs ("VA") for purposes of Veterans Benefits and that his rating was subject to review and adjustment.

12. In April 2019, Mr. Drain applied to have his disability benefits rating re-evaluated by the VA.

13. In May or June 2019, unrelated to his VA re-evaluation, Mr. Drain submitted to a fitness-for-duty physical at Defendant's request.

14. Defendant's physician performed the physical and certified Mr. Drain as fit for duty.

15. During the entire period of his employment, Mr. Drain fully performed all of the duties of his job without a need for any accommodation.

16. Mr. Drain never requested a reasonable accommodation from Defendant.

17. In August 2019, Mr. Drain learned that the VA had increased his disability rating, for purposes solely related to his entitlement to Veterans Benefits, to 100 percent with a retroactive effective date of April 15, 2019.

18. Mr. Drain notified Defendant of his rating change and Defendant requested more information and sent him once again to see its doctor.

19. Defendant kept Mr. Drain on full duty and he continued working without restriction or accommodation through a major, once-every-three-years, Nuclear Regulatory Commission drill that included two weeks of intensive preparations.

20. Mr. Drain participated fully and without incident in both the preparations and the drill.

3

21. Sometime after the drill, Defendant told Mr. Drain that he could no longer work because of his VA rating and suspended him.

22. Defendant called Mr. Drain into a brief meeting at the plant on October 15, 2019. During the meeting, Mr. Drain told Defendant's doctor and a representative of human resources that nothing had changed except his VA benefits rating – he could still perform all the duties of his job without accommodation.

23. Defendant did not permit Mr. Drain to return to work.

24. On November 7, 2019, Defendant gave Mr. Drain a letter stating that he "no longer [met] the minimum requirements" of the job and that it would terminate his employment on November 21, 2019 unless Mr. Drain submitted "corrected medical documentation."

25. Mr. Drain requested more time so that the parties could engage in an interactive discussion.

26. Defendant postponed Mr. Drain's termination but did not permit him to return to work and did not engage in an interactive discussion.

27. In a letter dated March 3, 2020, Defendant terminated Mr. Drain's employment, stating that it had "concluded its investigation and determined that you no longer meet the minimum requirements" for the job.

### COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Mr. Drain incorporates by reference and re-alleges each of the foregoing statements as if fully rewritten.

29. Defendant's acts, omissions, or failure to act deprived Plaintiff of rights guaranteed to him by the ADA.

4

30. Plaintiff is a member of a protected class because Defendant regarded him as disabled, treated him as through he were disabled, and/or because Plaintiff had a record of having a physical impairment.

31. Plaintiff is qualified for the position of nuclear security officer and can perform the essential functions of the job without any accommodation.

32. Defendant discriminated against Plaintiff in violation of the ADA by suspending him and by terminating his employment based on its perception that he was disabled and could not perform the essential functions of the job.

33. Defendant engaged in its discriminatory conduct with malice or reckless indifference for whether it was acting in violation of Plaintiff's rights protected by the ADA.

34. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Drain suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

## COUNT II

### VIOLATION OF OHIO REVISED CODE §§ 4112.02 AND 4112.99

35. Mr. Drain hereby incorporates by reference all preceding paragraphs as if fully restated herein.

36. Defendant's acts, omissions, or failures to act deprived Plaintiff of rights guaranteed to him by Chapter 4112 of the Ohio Revised Code.

37. Plaintiff is qualified for the position of Nuclear Security Officer and can perform the essential functions of the job without any accommodation.

38. Defendant discriminated against Plaintiff in violation of O.R.C. § 4112.02 by suspending him and by terminating Mr. Drain's employment based on its perception that he was disabled and could not perform the essential functions of the job, and/or based on Plaintiff having a record of physical impairment.

39. Defendant engaged in its discriminatory conduct with actual malice or reckless indifference for whether it was acting in violation of Plaintiff's rights protected by O.R.C. Chapter 4112.

40. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Drain suffered emotional distress and humiliation; lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and has been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

41. Defendant is therefore liable to Plaintiff for disability discrimination in violation of O.R.C. § 4112.02, and liable for remedies prescribed pursuant to O.R.C. § 4112.99.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court

A. Issue a declaratory judgment finding the acts and omissions of Defendant as set forth herein violated Plaintiff's rights under the ADA and O.R.C. Chapter 4112 prohibiting discrimination on the basis of disability and perception of disability;

B. Issue a preliminary and permanent injunction requiring Defendant to reinstate Plaintiff with back pay;

C. Order Defendant to put Plaintiff in his rightful place, including reinstatement to his prior position and restoration of any seniority lost due to Defendant's violations;

D. Make Plaintiff whole with appropriate back pay, front pay, benefits, compensatory damages, and punitive damages, all in an amount to be proved in excess of $25,000

E. Grant Plaintiff pre-judgment and post-judgment interest on the amounts awarded as allowed by law;

F. Award Plaintiff his costs and reasonable attorney fees; and,

G. Grant such other relief as is necessary to make Plaintiff whole.

Respectfully submitted,

*/s/ David N. Truman*
David N. Truman (0082347)
david@ekrtlaw.com
Stuart G. Torch (0079667)
stuart@ekrtlaw.com
ELFVIN, KLINGSHIRN, ROYER & TORCH, LLC
4700 Rockside Rd.
Suite 530
Independence, Ohio 44131
216.382.2500 (voice)
216.381.0250 (facsimile)

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by the maximum number of jurors permitted by law on all issues so triable.

*/s/David N. Truman*
DAVID N. TRUMAN (#0082347)

7

# FAITH ANDREWS
## CLERK OF COURTS
## LAKE COUNTY COMMON PLEAS COURT

### ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial Orders and Procedures are available on our website at

www.lakecountyohio.gov/coc

Select **Forms and Downloads**

Scroll to **Pre-trial Orders/ Orders of Procedure**

Select the appropriate pre-trial order/procedure for YOUR Respective case and Judge.

If you are unable to access or unclear as to which pre-trial Order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**FAITH ANDREWS, CLERK OF COURTS**